**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CEDRIC GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:23-cv-03427 (UNA) |
| | ) | |
| UNITED STATES DISTRICT COURT | ) | |
| FOR THE EASTERN DISTRICT OF | ) | |
| CALIFORNIA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has filed a complaint, ECF No. 1 ("Compl."), and a motion for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained below, the IFP application will be granted, and the complaint will be dismissed without prejudice.

Plaintiff, a resident of Los Angeles, California, sues the United States District Court for the Eastern District of California. *See* Compl. at 1. The complaint is far from a model of clarity, but Plaintiff appears to raise claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1). *See id*. at 1, 3. First, Plaintiff takes issue with determinations regarding jurisdiction and venue rendered by the United States Court of Federal Claims and the United States Court of Appeals for the Federal Circuit in unidentified proceedings. *See id.* at 2. More specifically, he appears dissatisfied that those courts declined to transfer his proceedings to his preferred venue, and he likens those determinations to a "witch hunt" against him. *See id*. Second, Plaintiff expresses his frustration with the Eastern District of California, exclusively rooted in his lack of success in pursuing litigation in that court and its determination to characterize him as a "vexatious litigant" on mailings visible to the public, which he alleges constitutes "slander." *See id.* at 2-3.

He asks this Court to "establish jurisdiction" in this District for his cases, or alternatively, to order the transfer of his cases to this District. *See id.* at 4. He also seeks unspecified money damages. *See id.* The Court lacks jurisdiction over Plaintiff's complaint.

First, this Court lacks subject matter jurisdiction to review the decisions of other federal courts and their staff, to intervene in their cases or administrative matters, or to direct them to take certain actions. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts").

Second, a federal court, its judges, and its staff are immune from suit for damages for actions taken in the performance of their duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Sindram v. Suda*, 986 F.2d 1459, 1460-61 (D.C. Cir. 1993). Indeed, courts are absolutely immune for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram*, 986 F.2d at 1460; *see also Mireles*, 502 U.S. at 9 (acknowledging that a long line of Supreme Court precedents has held that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). "The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Further, "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.*; *see Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice."); *see also Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006) ("It is well established that judicial immunity 'extends to other officers of government whose duties are related to the

judicial process.'" (quoting *Barr v. Matteo*, 360 U.S. 564, 569 (1959))); *Hester v. Dickerson*, 576 F. Supp. 2d 60, 62 (D.D.C. 2008) (absolute judicial immunity extends to clerks of the court).

Third, FTCA claims may only be brought against the United States itself, not against its components or officers. *See Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 125 (D.D.C. 2016) ("Failure to name the United States as the defendant in an FTCA action requires dismissal for lack of subject-matter jurisdiction."); *see also* 28 U.S.C. § 2679(a). Here, Plaintiff has failed to sue the United States, as required. *See id.*

Finally, "[c]laims that fall under one of the exceptions to the FTCA must be dismissed for lack of subject matter jurisdiction. Under one such exception, the FTCA exempts from its waiver of sovereign immunity any claim 'arising out of' libel or slander." *Edmonds v. United States*, 436 F. Supp. 2d 28, 35 (D.D.C. 2006) (citation omitted) (citing *Sloan v. Dep't of Housing and Urban Dev.*, 236 F.3d 756, 759 (D.C. Cir. 2001); 28 U.S.C. §§ 1346(b), 2680(h)).

As such, Plaintiff has failed to establish subject matter jurisdiction. Accordingly, this case is dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3). A separate order accompanies this memorandum opinion.

Date:  November 30, 2023

/s/_____
   ANA C. REYES
   United States District Judge